Determination of respondent, dated February 13, 2013, which terminated petitioner’s public housing tenancy, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Michael D. Stallman, J.], entered August 20, 2013) dismissed, without costs.
Respondent’s determination is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-182 [1978]). The record demonstrated that in a prior proceeding, petitioner’s continued tenancy was conditioned upon her excluding her son’s father, a level three sex offender, from her apartment. The Hearing Officer credited the testimony of the police officer, which was supported by his memo book entries, that the excluded person was found in the closet in petitioner’s apartment, after petitioner denied that he was in her apartment. There is no basis to disturb the credibility determination of the Hearing Officer.
Petitioner improperly argues, for the first time before this Court, that her due process rights were violated because at the hearing, where she appeared pro se, the hearing officer did not inform her that she could make a statement in mitigation. If we were to consider this argument, we would find it meritless. Petitioner received a notice of respondent’s termination of tenancy procedures, which stated that she had the right to make a statement in mitigation. Moreover, the hearing officer had no legal duty to explicitly invite her to present evidence as to the appropriate penalty (see Matter of Rivera v New York City Hous. Auth., 107 AD3d 404, 405 [1st Dept 2013]).
The penalty of termination of tenancy does not shock our sense of fairness in that the lesser penalty imposed in the prior proceeding against petitioner was unsuccessful in preventing the excluded person from entering petitioner’s apartment and disturbing her neighbors by exposing himself in the hallway and masturbating in the elevator.
*631 Petitioner is not entitled to her attorneys’ fees in that she is not the prevailing party (see Buckhannon Board & Care Home, Inc. v West Virginia Dept. of Health & Human Resources, 532 US 598, 603-604 [2001]). Concur — Gonzalez, P.J., Sweeny, Moskowitz, Richter and Clark, JJ.